# EXHIBIT 1

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** | **CIVIL NÚM:** |
| **Parte Peticionaria** | |
| v. | |
| **BPP RETAIL PROPERTIES LLC., ENCANTO RESTAURANTS, INC., FULANOS DE TAL 1-100** | **SOBRE:** **PETICIÓN DE ORDEN; DAÑOS** |
| **Parte Peticionada** | |

### PETICIÓN DE ORDEN DE INTERDICTO PERMANENTE

**AL HONORABLE TRIBUNAL:**

Comparece la parte peticionaria, Faustino Xavier Betancourt Colón (en adelante, "Parte Peticionaria" o "Betancourt Colón"), a través de la representación legal que suscribe, y solicita un interdicto permanente al amparo de 42 U.S.C. § 12188 debido al incumplimiento del dueño de la Propiedad **BPP RETAIL PROPERTIES LLC, ENCANTO RESTAURANTS, INC.** d/b/a Pizza Hut, FULANOS DE TAL 1-100 (en adelante, "Parte Peticionada con las disposiciones del Título III de la ley federal conocida como American with Disabilities Act, 42 U.S.C. § 12181 et seq. (en adelante nos referimos al estatuto federal como "Ley ADA")[1] y violaciones a la Sección 504 del Rehabilitación Act, 29 U.S.C. § 794. Se solicita un interdicto permanente, daños nominales,[2] daños compensatorios y otros remedios al amparo de la Sección 504 del Rehabilitación Act, 29 U.S.C. § 794, entre otros remedios legales bajo la legislación federal.

---

[1] El Título III de la Ley ADA obliga a todas las entidades privadas y facilidades comerciales que brindan servicios al público. La obligación impuesta por el Título III consiste en no discriminar en el ofrecimiento de dichos servicios hacia las personas con impedimentos en el disfrute igual y pleno de los bienes, servicios y facilidades, privilegios, ventajas o acomodos en cualquier lugar de acomodo público. El enlace oficial del gobierno de los Estados Unidos con información sobre Título III de Ley ADA es: http://www.ada.gov/

[2] Los daños nominales se solicitan al amparo de lo resuelto por el Tribunal Supremo de los Estados Unidos el 8 de marzo de 2021 en el normativo Uzuegbunam v. Preczewski, *Uzuegbunam v. Preczewski*, 592 U.S. ___ (2021), 2021 WL 850106 (March 8, 2021).

## EL LUGAR DE ACOMÓDO PÚBLICO EN CUESTIÓN

1.     Esta es una acción que busca remediar la discriminación ilegal en un lugar de **acomodo público**[3] establecido y conocido en el lugar que se menciona a continuación:

ENCANTO RESTAURANT, INC. d/b/a PIZZA HUT
DIRECCIÓN: CARR 693 KM 8.0, DORADO, 00646, PUERTO RICO
COORDENADAS: 18.464939348894987, -66.2731554246638
TELÉFONO: (787) 796 7474

 (en adelante, nos referiremos a este lugar como Restaurante "Pizza Hut", "la Propiedad" el "lugar de acomodo público").

## NECESIDAD DE LA ACCIÓN

2.     Esta Petición de interdicto permanente es necesaria por lo siguiente:

a)  La Parte Peticionada no procuró la eliminación de barreras arquitectónicas en el estacionamiento, en el interior y en sus baños;

b)  La Parte Peticionada mantiene en el lugar de acomodo público conocido comercialmente como Pizza Hut, barreras arquitectónicas en violación de la ADA y a las Guías de Diseño Accesible promulgadas por el Departamento de Justicia de los Estados Unidos, las cuales puede ser accedidas a través del siguiente enlace oficial:

https://www.ada.gov/2010ADAstandards_index.htm

c)  La Parte Peticionaria visitó el restaurante Pizza Hut y allí encontró personalmente barreras arquitectónicas en el estacionamiento, áreas internas y baños, dichas barreras se relacionan con su discapacidad;

---

[3] El término  "public accommodation" o lugar de acomodo público, 42 U.S.C. 12181(7), se define como entidades privadas cuyas operaciones afectan el comercio y específicamente se mencionan las siguientes lugares a modo de ejemplificar lo que es un lugar de acomodo público: hoteles, moteles, hospederías, restaurantes, barras, otros establecimientos que sirvan comida o bebidas, cines, teatros, salas de conciertos y presentaciones, estadios, lugares para exhibiciones o entretenimiento, auditorios, centros de convenciones, salas de presentaciones, lugares de congregación, panaderías, tienda de comestibles, tiendas de ropa, tiendas de herramientas, centros comerciales, otros establecimientos de ventas o renta, lugares de lavado ("laundromat"), secado (dry-cleaning), bancos, barberías, salones de belleza, agencias de viaje, servicios de reparación de zapatos, funerarias, estaciones de gasolina, oficina de un contable o abogado, farmacias, oficinas de seguros, oficina de profesionales de la salud, hospitales, otros establecimiento de servicios, un terminal o estación utilizado para transportación pública, museos, librerías, galerías, otros lugares donde haya exhibiciones públicas o colecciones, parques, zoológicos, parques de diversión y otros lugares de recreación, centro de cuido de infantes ("nursery"), escuelas elementales, secundarias, universidades, o escuelas post-graduadas privadas o cualquier otro lugar se provea educación, centro de cuido de niños, centro de cuido de "seniors", refugios de personas sin hogar, lugares donde se da comida, agencias de adopción, o cualquier otro establecimiento donde se dan servicios sociales, gimnasios, spas de salud, boleras, lugares de golf y otros lugares de ejercicio y recreación.

d) La Parte Peticionaria se (i) encuentra en inminente riesgo de encontrar las barreras arquitectónicas o (ii) sería fútil regresar al lugar de acomodo público en este momento ya que constituiría un riesgo a la seguridad personal de la Parte Peticionaria o equivaldría a someterse a una condición o situación desagradable, humillante y discriminatoria;

e) La parte peticionaria tiene la intención presente de poder disfrutar los bienes, privilegios, servicios que están disponibles en el lugar de acomodo público una vez las barreras arquitectónicas sean removidas en su totalidad. Sin embargo, la Parte Peticionaria se reserva el derecho de regresar al lugar de acomodo público en cualquier momento antes de que se remuevan las barreras arquitectónicas, aunque ello represente someterse a condiciones peligrosas o discriminatorias, con el fin de buscar, identificar y denunciar el discrimen.

**LA PARTE PETICIONARIA**

3.     La Parte Peticionaria es una persona que sufre de una discapacidad física que limita sustancialmente varias de sus actividades cotidianas principales. **La discapacidad física es:** insuficiencia cardiaca (congestive heart failure, 20% heart function), hidrocefalia, anormalidades del pie, obesidad. Estas condiciones o "impairments" limitan sustancialmente al señor Betancourt Colon, dicha discapacidad física limita sustancialmente (en comparación con la mayoría de la población) las siguientes actividades principales cotidianas o del diario vivir: caminar,  estar de pie, levantar objetos, inclinarse, trabajar y otras que enciclopedias, diccionarios y tratados médicos autoritativos han relacionado con la discapacidad antes mencionada.  De igual manera, el señor Faustino Xavier Betancourt Colón tiene un extenso historial médico sobre estas condiciones.

4.     La parte Peticionaria tiene un "disability", según definido por la Ley ADA. 42 U.S.C. § 12102(1)(A).

5.     Como se mencionó, El Departamento de Transportación y Obras Públicas del Gobierno de Puerto Rico (DTOP) ha expedido para beneficio de la Parte Peticionaria un rótulo removible de personas con impedimento físico, de modo que la Parte Peticionaria pueda utilizar el rótulo para estacionarse en estacionamientos identificados como accesibles o "de impedido".  El rótulo removible no tiene que ser utilizado en un vehículo especifico ni tiene que ser utilizado en un vehículo de motor inscrito a favor de la parte Peticionaria. La Parte Peticionaria tiene derecho a utilizar el rótulo removible expedido por DTOP en cualquier vehículo, ya sea uno propio, un

familiar, un amigo o un vehículo que haya abordado de manera incidental. La Parte Peticionaria tiene derecho legal a utilizar estacionamientos designados como accesibles o "de impedidos" en esta jurisdicción sin importar el vehículo de motor en el que se encuentre abordo.

## LA PARTE PETICIONADA

6.     La Parte Peticionada está integrada por las siguientes personas naturales o jurídicas:

     i.     BPP RETAIL PROPERTIES LLC Esta persona jurídica es titular o arrendadora, de la Propiedad que se identifica en el primer párrafo de esta petición.

     ii.     ENCANTO RESTAURANTS, INC. d/b/a Pizza Hut. Esta persona jurídica es operador o arrendataria de la Propiedad que se identifica en el primer párrafo de esta petición.

     iii.     Fulanos de Tal 1-100. Estas personas naturales o jurídicas desconocidas son titulares, arrendadores, arrendatarios y operadores del la Propiedad que  se identifica en el primer párrafo de esta petición.  Ya que la identidad de estos se desconoce en estos momentos, se enmendará la Petición a los fines de acumularlos a este procedimiento civil. En esta Petición, el término "Parte Peticionaria" incluye también a todos los peticionados desconocidos identificados con el nombre ficticio "Fulano de Tal 1-100".

## JURISDICCIÓN Y COMPETENCIA

9.     De este procedimiento civil ser en removido al Tribunal de Distrito de los Estados Unidos, se invocada jurisdicción sobre la materia de conformidad con 28 U.S.C. §§ 1331 y 1343 (a)(3) y (a)(4) por violaciones de la ADA.

10.     El Tribunal de Primera Instancia tiene jurisdicción original para dilucidar controversias que surgen al amparo del Título III de la *American with Disabilities* Act y la *Rehabilitation Act*.

11.     Esta acción civil ha sido presentada ante el foro judicial que ostenta la competencia toda vez que la Propiedad en controversia está ubicada en esta región judicial.

## HECHOS

12.     La Propiedad es un lugar de acomodo público según definido por la Ley ADA, 42 U.S.C. 12181(7) y es un lugar abierto al público y cuya operación afecta el comercio por su naturaleza de restaurante. La Propiedad no es residencial, no es un club privado ni es una iglesia.

13.     La Parte Peticionaria es residente de Puerto Rico.  Su dirección es: RES Los Lirios, 11 Calle Teresa Jornet, Edificio 12, Apartamento 34, San Juan (Cupey), Puerto Rico. Su número de

teléfono es: (787) 348-7280.

14.     La parte peticionaria visitó la Propiedad para eso del 12 de septiembre de 2021 y encontró barreras que interfirieron con la capacidad de la Parte Peticionaria para usar y disfrutar los bienes, servicios, privilegios y acomodos ofrecidos en la Propiedad.

15.     Además, y de manera totalmente independiente a lo anterior, la Parte Peticionaria invoca legitimación como persona que tiene la intención de regresar a la Propiedad con el propósito expreso de buscar e identificar barreras arquitectónicas que haya en la Propiedad en el futuro. El fin de la búsqueda e identificación de las barreras arquitectónicas será con el fin de: (1) denunciar barreras adicionales que se encuentren en el futuro; (2) verificar el cumplimiento o no cumplimiento de cualquier orden que dicte este tribunal sobre eliminación de barreras arquitectónicas. Se alega afirmativamente la existencia de legitimación activa como *tester* de derechos civiles, según alegado en este párrafo, conforme a la norma vinculante en esta jurisdicción establecida en Suarez-Torres v. Panadería y Repostería España, Inc., No. 18-1618 (1st Cir. Feb. 17, 2021), donde se estableció que no es necesario que una persona con discapacidades sea un "cliente bona fide" del lugar de acomodo público para tener standing para reclamar derechos bajo ADA. Un *tester* de derechos civiles es una persona que tiene la intención específica de buscar, identificar y denunciar el discrimen, aunque ello represente someterse al discrimen o a condiciones poco seguras.   En Suarez-Torres v. Panadería y Repostería España, Inc., el Primer Circuito estableció inequívocamente la existencia de legitimación activa de *tester* al determinar:

> Panaderia España contends that, as testers, appellants are unable to establish an injury because their only motivation in visiting the bakery was to detect ADA violations.
>
> We have not previously addressed the impact of a plaintiff's status as a "tester" on her ability to establish standing under the ADA. However, the circuits that have considered this issue have uniformly concluded that an individual's "tester" status does not defeat standing. As the Eleventh Circuit explained in Houston v. Marod Supermarkets, Inc., the ADA guarantees the right of any individual to be free from "disability discrimination in the enjoyment of [public places of accommodation] regardless of [the individual's] motive for visiting the facility." 733 F.3d at 1332. Congress did not limit the protections of the ADA to "clients or customers" or otherwise impose a bona fide visitor requirement. Id. at 1332-34 (contrasting 42 U.S.C. §§ 3604(a), and 12182(b)(1)(A)(iv), which do contain such requirements). Hence, such limitations should not be read into the ADA. Id. We agree with this analysis. **Accordingly, we conclude that appellants' status as testers does not defeat standin**g.

Suarez-Torres v. Panadería y Repostería España, Inc., No. 18-1618 (1st Cir. Feb. 17, 2021) (citas internas omitidas)(énfasis nuestro).

16.     Se incorpora y se hace formar parte de esta demanda el **ANEJO A**, es una alegación suplementaria que es producto de una investigación realizada por el señor Faustino Betancourt

durante la última visita realizada a la Propiedad. Las imágenes que se presentan a continuación constatan el estado histórico del estacionamiento y las áreas externas de las instalaciones de Pizza Hut y una breve relación causa-daño.

17. Se incorpora y se hace formar parte de esta demanda el **ANEJO B**, es una alegación suplementaria que es producto de una investigación realizada por el señor Faustino Betancourt durante la última visita realizada a la Propiedad. Las imágenes que se presentan a continuación constatan el estado histórico de los baños y áreas internas de las instalaciones de Pizza Hut y una breve relación causa-daño.

18. Así mismo se incorpora y se hace formar parte de esta demanda el **ANEJO C**, es una alegación suplementaria que es producto de una investigación conforme a la Regla 9.1 de las Reglas de Procedimiento Civil de Puerto Rico, la cual impone un deber de investigación razonable a todos los abogados. Las imágenes que se presentan a continuación constatan el estado histórico de las instalaciones de Pizza Hut y una breve relación causa-daño.

19. Además, se incorpora y se hace formar parte de esta demanda el **ANEJO D**, es una alegación adicional dentro de la cual adjunto documento oficial expedido por El Departamento de Transportación y Obras Públicas del Gobierno de Puerto Rico (DTOP), que acredita al señor Faustino Betancourt como beneficiario de los privilegios otorgados a las personas con discapacidad, tanto para el estacionamiento, descuentos, filas expresas designadas para los discapacitados, entre otros.

20. En su capacidad de cliente bona fide, la Parte Peticionaria se ha sentido, y se siente hoy en día, disuadida o desalentada de visitar la Propiedad porque tiene conocimiento de las barreras ilegales que limitan e interfieren con su acceso a la Propiedad desde el estacionamiento, sus rutas de acceso y las áreas internas. La Parte Peticionaria sabe que sería inútil enfrentar estas barreras porque enfrentarlas equivale a someterse a una situación humillante, discriminatoria y peligrosa. Todas las barreras aquí descritas están directamente relacionadas con la discapacidad de la Parte Peticionaria e interfieren su completo y acceso igual acceso. No obstante, a pesar de sentirse disuadida, tiene la intención de regresar para buscar, identificar y denunciar el discrimen que existe en esa Propiedad.

21. A base de sus observaciones personales, y a base de su experiencia como persona con limitaciones que ha visto cientos de lugares accesibles y no accesibles a través de su vida, la Parte Peticionaria alega afirmativamente que existen las siguientes barreras arquitectónicas de *diseño* en

la Propiedad relacionadas a su discapacidad y sus limitaciones de movilidad:

**Acceso Desde Afuera de la Propiedad:**
**Estacionamiento, Ruta de Acceso y Entrada de Pizza Hut**

a)      En cuanto a la ruta de acceso, no hay una ruta de acceso desde los estacionamientos o la acera hasta una entrada accesible sin escaleras. ADAAG 1991 § 4.3; ADAAG 2010 § 206.2.1. Posibles soluciones: añadir una rampa, modificar para que la gradación de la pendiente sea 1:20; añadir una plataforma de elevación ("lifter").

b)      En cuanto a estacionamientos, no hay el número requerido de estacionamientos accesibles. ADAAG 1991 § 4.1.2; ADAAG 2010 § 208.2. Posibles soluciones: reconfigurar el estacionamiento mediante la utilización de pintura.

c)      El estacionamiento no recibe un mantenimiento adecuado para que se mantenga en "condición operable" en violación a 28 C.F.R. § 36.211(a). Por ejemplo, el mantenimiento del área de estacionamiento ha sido pobre, inconsistente y en incumplimiento con la reglamentación aplicable.

d)      En cuanto a estacionamientos, no se cumple el requisito de que al menos un estacionamiento que cumpla con las especificaciones técnicas y dimensiones de la categoría "van".[4]  ADAAG 1991 § 4.1.2 (b); ADAAG 2010 § 208.2. Tampoco se cumple con el requisito de que una sexta parte de los estacionamientos accesibles tengan las dimensiones de categoría "van". Id. Posibles soluciones: reconfigurar el estacionamiento mediante la utilización de pintura.

e)      La configuración y dimensiones de los estacionamientos accesibles es sustancialmente inconsistente con los requisitos de reglamentación aplicable. ADAAG 2010 § 502.2, 502.3. Posibles soluciones: reconfigurar el estacionamiento mediante la utilización de pintura.

f)       La configuración y dimensiones de los espacios adyacentes a los estacionamientos es sustancialmente inconsistente con los requisitos de la reglamentación aplicable. ADAAG 2010 § 502.2, 502.3., 503.3.3. Posibles soluciones: reconfigurar el estacionamiento mediante la utilización de pintura.

g)      La pendiente en los estacionamientos y los espacios adyacentes a los estacionamientos es

---

[4] La ADAAG ni la legislación estatal requiere que una persona con discapacidades tenga una van o camioneta para estacionarse en dichos estacionamientos clasificados por la ADAAG como "Van". Tiene que haber, y se tiene derecho a utilizar, todos los estacionamientos accesibles que requiere la ADAAG.

inconsistente con los requisitos de la reglamentación aplicable, pues su inclinación es mayor a 1:48 en todas las direcciones. ADAAG 2010 § 502.4. Posibles soluciones: nivelar las superficies; reubicar estacionamientos en cumplimiento con las guías para ubicación de estacionamientos accesibles.

h) Los estacionamientos no están identificados con el símbolo internacional de accesibilidad. ADAAG 2010 § 502.3. Posibles soluciones: colocar toda la rotulación reglamentaria en todos los estacionamientos accesibles. La rotulación debe ser a la altura y en la posición requerida por la reglamentación.

i) El posicionamiento de la rotulación de los estacionamientos es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 § 502.6. Posibles soluciones: colocar rotulación a la altura y en la posición requerida por la reglamentación.

j) Ningún estacionamiento tiene la rotulación de "van" requerida por la reglamentación aplicable. ADAAG 2010 § 502.6. Posibles soluciones: colocar la rotulación en todos los estacionamientos accesibles y a la altura y en la posición requerida por la reglamentación.

k) Los estacionamientos accesibles no están ubicados en la ruta accesible más cercana a la entrada accesible. ADAAG 2010 § 502.6. Posible solución: reconfigurar los estacionamientos.

l) La entrada no cumple con los requisitos de la reglamentación aplicable. En cuanto a las entradas que no son accesibles, estas no tienen letreros que indiquen la ubicación de la entrada accesible. ADAAG 2010 § 216.6 Hay entradas accesibles y no accesibles, pero las entradas accesibles no tienen el símbolo internacional de impedido identificándolas. ADAAG 2010 § 216.6. Posibles soluciones: hacer todas las entradas accesibles y/o colocar la rotulación requerida por la reglamentación aplicable.

### Acceso Adentro de la Propiedad: Acceso a Bienes y Servicios

m) Existe una fila de pago y mostrador ("checkout aisle" [FILA DE PAGO - CAJEROS]), pero las dimensiones y espacios son sustancialmente inconsistentes con la reglamentación aplicable. ADAAG 2010 § 7.3; ADAAG 2010 §§ 904.3.1 (pasillo de pago de 36"), 904.3.2 (superficie no más alta de 38"), 216.11 (hay más de un pasillo de pago pero no hay un pasillo rotulado con el símbolo de accesibilidad internacional). Posibles soluciones: ampliar el ancho del pasillo y modificar el tamaño del mostrador de pago.

n)    Hay mostradores de ventas y servicios, pero la configuración y dimensiones son sustancialmente inconsistentes con la reglamentación aplicable. ADAAG 1991 § 7.2 ADAAG 2010 §§ 904.3.1 (requiriendo que haya una porción del mostrador que sea 36" de alto por 36" de ancho), 904.4 (requiriendo que la parte accesible del counter sea de la misma profundidad que la parte no accesible), 904.4, 904.1 (requiriendo un espacio mínimo para acercamiento paralelo u horizontal al mostrador), 306.2.2, 306.2.4, 306.3.1 (requiriendo un espacio debajo del mostrador cuando el diseño del mostrador es para acercamiento frontal). Posibles soluciones: bajar una sección del mostrador, ampliar una sección del mostrador, remplazar el mostrador, ampliar la profundidad del mostrador, reconfigurar espacios para permitir acercamiento paralelo o frontal, reconfigurar mostrador para dar el espacio requerido debajo del mostrador en casos de diseño para acercamiento frontal.

### Acceso a Baño de Mujeres

o)    Los **baños** que no son accesibles carecen de la **rotulación** que exige la reglamentación aplicable. ADAAG 2010 §216.8, 206.2.4. Posibles soluciones: colocar la rotulación a la altura y en el posicionamiento correcto. Nótese que la rotulación debe cumplir además con los requisitos para que sea accesible a las personas con discapacidades visuales.

p)    En cuanto al lavamanos, el **espacio alrededor del lavamanos** es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 § 606.2. Posibles soluciones: ampliar el espacio alrededor del lavamanos; reubicar objetos que se pueden mover.

q)    En cuanto al lavamanos, el **espacio debajo del lavamanos** es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 § 306.2. Posibles soluciones: hacer espacio debajo del lavamanos; reposicionar el lavamanos; cambiar el lavamanos a uno accesible.

r)    En cuanto al lavamanos, la altura del lavamanos es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 §§ 606.3, 606.3.3, 306.3.3 (altura en el espacio del área de pies). Posibles soluciones: reposicionar la altura del lavamanos; cambiar el lavamanos.

s)    En cuanto al lavamanos, la parte de abajo del lavamanos no está configurada **para evitar el contacto con los objetos que están debajo del lavamanos**. ADAAG 2010 § 605.5. Posibles soluciones: modificar el área debajo del lavamanos para que no haya contacto

entre piernas o rodillas y los objetos que están debajo del lavamanos.

t)      En cuanto al **dispensador de jabón**, el posicionamiento y altura de este incumple sustancialmente con la reglamentación aplicable. ADAAG 2010 §§ 308.2.2, 308.2. Posibles soluciones: reubicar el dispensador de jabón.

u)      En cuanto al área del inodoro, el **centro del inodoro está alejado de la pared lateral** de manera sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 § 604.2. Posibles soluciones: reubicar el inodoro.

v)      En cuanto al área del inodoro, el **espacio provisto alrededor del inodoro** es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 1991 § 4.22; ADAAG 2010 § 604.3.1, 604.8.1.1. Posibles soluciones: ampliar el baño; mover objetos para ampliar espacio).

w)      En cuanto al área del inodoro, la configuración existente en la pared al lado y detrás del inodoro es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 §§ 604.5.1., 609.4., 609.3, 604.5.2, 609.4, 609.6.

x)      En cuanto a los pasamanos alrededor del inodoro, tanto al lado ("side grab bar") como detrás ("rear grab bar") del inodoro, la configuración existente en la pared al lado y detrás del inodoro es sustancialmente inconsistente con la reglamentación aplicable a los pasamanos. ADAAG 2010 §§ 604.5.1, 609.4., 609.3, 604.5.2, 609.4, 609.6. Posibles soluciones: colocar y posicionar pasamanos de manera consistente con la reglamentación citada.

**Baño De Hombres**

y)      En cuanto al lavamanos, el **espacio alrededor del lavamanos** es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 § 606.2. Posibles soluciones: ampliar el espacio alrededor del lavamanos; reubicar objetos que se pueden mover.

z)      En cuanto al lavamanos, el **espacio debajo del lavamanos** es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 § 306.2. Posibles soluciones: hacer espacio debajo del lavamanos; reposicionar el lavamanos; cambiar el lavamanos a uno accesible.

aa)      En cuanto al lavamanos, la parte de abajo del lavamanos no está configurada **para evitar el contacto con los objetos que están debajo del lavamanos**. ADAAG 2010 § 605.5. Posibles soluciones: modificar el área debajo del lavamanos para que no haya contacto

entre piernas o rodillas y los objetos que están debajo del lavamanos.

bb)   En cuanto al área del inodoro, el **centro del inodoro está alejado de la pared lateral** de manera sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 § 604.2.  Posibles soluciones: reubicar el inodoro.

cc)   En cuanto al área del inodoro, el **espacio provisto alrededor del inodoro** es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 1991 § 4.22; ADAAG 2010 § 604.3.1, 604.8.1.1. Posibles soluciones: ampliar el baño; mover objetos para ampliar espacio).

dd)   En cuanto al área del inodoro, la configuración existente en la pared al lado y detrás del inodoro es sustancialmente inconsistente con la reglamentación aplicable. ADAAG 2010 §§ 604.5.1., 609.4., 609.3, 604.5.2, 609.4, 609.6.

ee)   En cuanto a los pasamanos alrededor del inodoro, tanto al lado ("side grab bar") como detrás ("rear grab bar") del inodoro, la configuración existente en la pared al lado y detrás del inodoro es sustancialmente inconsistente con la reglamentación aplicable a los pasamanos. ADAAG 2010 §§ 604.5.1, 609.4., 609.3, 604.5.2, 609.4, 609.6. Posibles soluciones: colocar y posicionar pasamanos de manera consistente con la reglamentación citada.

22.   Las barreras identificadas en el párrafo anterior son solo aquellas que la Parte Peticionaria conoce personalmente a base de su experiencia y sentido común como persona con discapacidades, no a base de pruebas científicas o periciales.  La totalidad de las barreras existentes en la Propiedad, incluyendo las encontradas y otras no descubiertas al momento, son causa del daño legal de la Parte Peticionaria, es decir, la falta de acceso completo, libre y espontaneo a la Propiedad. Por esto, es la intención de la Parte Peticionaria utilizar los mecanismos de descubrimiento de prueba para buscar, identificar y señalar todas aquellas barreras arquitectónicas relacionadas con la discapacidad de la Parte Peticionaria para que el acceso a la Propiedad sea completo e igualitario. Luego de identificadas las barreras, la Parte Peticionaria se propone solicitar al tribunal enmendar las alegaciones para conformar las mismas a la prueba descubierta sobre violaciones a la ADAAG ahora desconocidas.

23.   La Parte Peticionaria se ha visto desalentada, y al presente se siente desalentada, de visitar la Propiedad porque la Parte Peticionaria sabe que los bienes, servicios, acomodos, privilegios, ventajas y facilidades de la Propiedad no puede ser accedidas sin que la Parte Peticionaria se

someta nuevamente al discrimen. La Parte Peticionaria conoce los bienes y servicios ofrecidos en la Propiedad, y regresará a la Propiedad una vez que se eliminan las barreras.

24. Los peticionados sabían, o debían saber, que la Propiedad era y es inaccesible; que las condiciones la Propiedad violan la ley federal e interfieren (o niegan) el acceso a los discapacitados. Además, los peticionados tienen los recursos financieros para eliminar estas barreras de la Propiedad (sin mucha dificultad o gasto), y hacer que la Propiedad sea accesible para la Parte Peticionaria. Hasta la fecha, sin embargo, la Parte Peticionada se niega a eliminar esas barreras.

25. La Parte Peticionada ha poseído y disfrutado de suficiente control y autoridad para modificar la Propiedad para eliminar barreras y cumplir con la reglamentación federal aplicable. La Parte Peticionada no ha eliminado tales barreras y no ha modificado la Propiedad para cumplir con los estándares de accesibilidad aplicables. La Parte Peticionada, de manera intencional, ha mantenido la Propiedad en su estado actual y se ha abstenido intencionalmente de alterar la Propiedad para que cumpla con los estándares de accesibilidad.

26. La Parte Peticionaria alega afirmativamente que la presencia contínua de barreras en la Propiedad es tan obvia y abierta que establece la intención discriminatoria de la Parte Peticionada. La naturaleza de las desviaciones a los estándares federales no sugiere incumplimiento con la reglamentación debido a mera negligencia o un error humano. El incumplimiento existente es tan sustancial que es obvio para un observador casual de inteligencia promedio que no tiene pericia en los estándares de diseño accesible o que no tiene experiencia con barreras arquitectónicas por no tener una discapacidad. Es a base de esto que la Parte Peticionaria cree, y por tanto alega afirmativamente, que la intención discriminatoria incluye la negativa consciente y ponderada de no adherirse a normas de construcción relevantes; el menosprecio hacia los planos de construcción y permisos emitidos para la Propiedad; la decisión concienzuda de mantener el diseño arquitectónico (tal como existe actualmente) en la Propiedad; la decisión de no eliminar las barreras arquitectónicas mantenerla en estado de incumplimiento motivado por fines de lucro. Se alega afirmativamente que la Parte Peticionada ha querido mantener una competencia desleal con sus competidores al no invertir dinero en cumplir con el mandato federal a pesar de que sus competidores si tienen que invertir en cumplimiento, lo que afecta a otros actores económicos. Las barreras arquitectónicas en la Propiedad no son interrupciones aisladas (o temporales) de acceso por mantenimiento o reparaciones.

27.     Basado en el incumplimiento histórico de la Parte Peticionada con la ADAAG, la Parte
Peticionaria cree, y por lo tanto alega, que la Parte Peticionada no tiene políticas, procedimientos
o documentos internos en relación a esfuerzos de cumplimiento de ADA en la Propiedad.

<div align="center">

**PRIMERA CAUSA DE ACCIÓN**
**American with Disabilities Act de 1990**

</div>

28.     La Parte Peticionaria incorpora las alegaciones contenidas en los párrafos anteriores.

29.     El Título III de la ley ADA dispone esencialmente que ningún individuo será tratado de
manera desigual por razón de discapacidad en el pleno y equitativo disfrute (o uso) de bienes,
servicios, instalaciones, privilegios y acomodos ofrecidos por cualquier persona ya sea titular,
arrendador, arrendatario u operador de un lugar de acomodo público. 42 U.S.C. § 12182 (a).

30.     La Parte Peticionada discriminó contra la Parte Peticionaria al negarle un disfrute y acceso
pleno e igual a los bienes, servicios, privilegios y acomodos de la Propiedad durante cada visita y
cada ocasión en que la Parte Peticionaria decidió no visitar el lugar.

31.     La Ley ADA establece diferentes estándares dependiendo de cuándo se construyó la
estructura física y si la instalación ha sido alterada desde el 26 de enero de 1992. 28 CFR §§ 36.401,
36.402. Las propiedades "existentes" antes del 26 de enero de 1992 tienen que eliminar las barreras
de acceso de las personas con discapacidades cuando la eliminación sea "fácilmente
alcanzable". 42 U.S.C. § 12182 (b) (2) (A) (iv); 28 CFR § 36.304. Estructuras diseñadas y
construidas para ser ocupadas por primera vez después del 26 de enero de 1993 deben ser
accesibles para personas con discapacidades a menos que la entidad pueda demostrar que es
"estructuralmente poco práctico". 42 USC § 12183 (a). Finalmente, las alteraciones posteriores al
26 de enero, 1992 debe hacerse para garantizar que, en la "máxima extensión posible", las
porciones alteradas de las instalaciones sean accesibles. 28 CFR § 36.402 (a) (1).

32.     Los estándares de diseño, ADAAG, se publicaron por primera vez en 1991 y están
codificados en 28 CFR Parte 36, Apéndice A ("ADAAG de 1991"). Los más recientes estándares
de diseño ADA fueron publicado por primera vez en 2010 y se codificaron en 28 CFR Parte 36,
Subparte D (La ADAAG de 2010). Ambas normas están disponibles en www.ada.gov.  Todas las
construcciones nuevas y modificaciones comenzadas el 15 de marzo de 2012 o después deben
cumplir con la ADAAG de 2010.

33.     La Parte Peticionaria cree que la Propiedad fue diseñada para ser ocupada por primera vez
después del 26 de enero de 1993. Ver 28 CFR § 36.401.

34.     La Parte Peticionaria cree que la Propiedad está ubicada en un lugar que fue construído

después del 26 de enero de 1993. Ver 28 CFR § 36.401.

35.     La Parte Peticionaria cree que la Propiedad fue "alterada" luego del 26 de enero de 1993. El término "alterada" o "alteraciones" incluye, pero no se limita a, remodelación, renovación, rehabilitación, restauración histórica, cambios o reordenamiento en partes o elementos estructurales, cambios o reordenamiento en la configuración de paredes y cambios en los mostradores, mesas u objetos dentro de la Propiedad.

36.     En la alternativa, si la Propiedad no fue diseñada y construída para ser ocupada por primera vez después de 26 de enero de 1993, la Propiedad es una instalación existente en cuyo caso hay una obligación de eliminar barreras arquitectónicas que afectan a las personas con discapacidad en la medida que la eliminación sea "fácilmente alcanzable". 42 USC § 12182 (b) (2). La ley ADA establece que, al evaluar si la eliminación de barreras es "fácilmente alcanzable ", los factores a considerar incluyen los" recursos "de la instalación, 42 USC § 12181 (9) (b), que incluye "los recursos financieros generales de cualquier empresa matriz o entidad ", 28 CFR § 36.104. Si la Parte Peticionada sostiene que no tiene los recursos financieros a modo de defensa afirmativa para excusar su incumplimiento, la Parte Peticionaria no acepta dichos pretextos y se propone utilizar los mecanismos de descubrimiento de prueba conforme a 28 C.F.R. § 36.104.

## NO ELIMINAR LAS BARRERAS EN UNA INSTALACIÓN EXISTENTE

37.     La ADA prohíbe específicamente no eliminar las barreras arquitectónicas en instalaciones existentes cuando tal eliminación es fácilmente alcanzable. 42 USC § 12182 (b) (2) (A) (iv); 28 C.F.R. § 36.104.

38.     Cuando una entidad puede demostrar que la eliminación de una barrera no se puede lograr fácilmente, esa entidad tiene que procurar que los bienes, servicios, privilegios y acomodos se hagan disponibles mediante mecanismos alternos, si estos métodos son fácilmente alcanzables.   § 12182 (b) (2) (A) (v).

39.     Aquí, la parte Peticionaria alega que la Parte Peticionada puede eliminar fácilmente las barreras arquitectónicas en la Propiedad sin mucha dificultad o gasto, y que la Parte Peticionada viola la ley ADA al no eliminar esas barreras, cuando fácilmente podía y puede hacerlo.

40.     En la alternativa, si no es "fácilmente alcanzable" para la Parte Peticionada eliminar las barreras arquitectónicas, la Parte Peticionada violó la ADA al no hacer disponibles sus servicios a través de métodos alternativos que fuesen fácilmente alcanzables.

## NO DISEÑAR Y CONSTRUIR
## UNA INSTALACIÓN ACCESIBLE

41.    La Propiedad fue diseñada y construída (o ambos) después del 26 de enero de 1992 -
activando los requisitos de acceso bajo el Título III de la ADA y la reglamentación promulgada
por el Departamento de Justicia de los Estados Unidos.

42.    La Parte Peticionada violó la ley ADA al diseñar y construir (o ambos) la Propiedad en una
manera que no era fácilmente accesible para el público con discapacidad física, incluída la Parte
Peticionaria, cuando hacerlo era estructuralmente práctico.

### NO HACER ACCESIBLE UNA INSTALACIÓN ALTERADA

43.    La Parte Peticionaria cree, y por tanto alega afirmativamente, que la Propiedad ha sido
alterada (según el término "alteración" es definido por §§ 202.1, §202.3, 202.4) después del 26 de
enero de 1992.  28 CFR §36.403; 49 CFR §37.43.

44.    La ADA también requiere que las instalaciones se alteren de forma tal que sea fácilmente
accesible para las personas con discapacidad en la medida máxima posible. 42 U.S.C. § 12183 (a)
(2).

45.    La Parte Peticionada alteró la Propiedad de una manera que violó la ADA y que la hizo no
fácilmente accesible al público con discapacidad física, incluyendo a la Parte Peticionaria.

### BARRERAS NO ESTRUCTURALES:
### POLÍTICAS Y PROCEDIMIENTOS

46.    La ley ADA también requiere hacer modificaciones razonables en las políticas, prácticas o
procedimientos, cuando es necesario para dar igual acceso a los servicios, bienes, privilegios o
acomodos a las personas con discapacidades, a menos que la entidad pueda demostrar que hacer
tales modificaciones alterarían fundamentalmente su naturaleza. 42 USC § 12182 (b) (2) (A) (ii).

47.    Aquí, la Parte Peticionada violó la ley ADA al no hacer modificaciones razonables en sus
políticas, prácticas o procedimientos en la Propiedad, cuando estas modificaciones son necesarias
para permitir (sin alterar fundamentalmente la naturaleza del lugar de acomodo público) el igual
acceso a los bienes, servicios, instalaciones, o acomodos.

48.    La Parte Peticionada alega que la falta de eliminación de barreras ha sido a sabiendas,
voluntaria e intencional porque:

      i.    Las barreras descritas aquí son claramente visibles y tienden a ser obvias incluso a
          un observador casual;

      ii.    La Parte Peticionada jamás ha reconocido que el cumplimiento de ADA no es un
          esfuerzo de una sola vez, sino una obligación *continua*. Se han negado a eliminar

barreras o crear alternativas para dar acceso;

iii. La Parte Peticionada es titular, arrendador, arrendatario y/o operador de la Propiedad, y como tal tiene control sobre las condiciones de la misma día a día. La Parte Peticionada ha tenido los medios y la capacidad financiera de hacer la remediación necesaria de las barreras de acceso, pero eso nunca le ha interesado.

iv. Los lugares de acomodo público tienen la obligación de ser accesibles. Existe una consecuencia si no lo hacen: se puede ser objeto de un procedimiento civil, ya sea iniciado por el gobierno federal, estatal o una persona privada. La Parte Peticionada decidió no ser proactiva y para proporcionar acceso por iniciativa propia. La Parte Peticionada asumió una actitud que se puede describir como "vamos a esperar, no hagamos nada, resolvemos si pasa algo". La ley ADA se firmó el 26 de julio de 1990 por el entonces presidente George H.W. Bush luego de que fuese aprobada mediante consenso bipartita. La Parte Peticionada no tiene excusas para haber evadido sus obligaciones legales, y tampoco el desconocimiento de la ley excusa sus consecuencias y cumplimiento.

v. La Parte Peticionada ignora las experiencias de las personas con discapacidades que no pueden comprar, realizar transacciones comerciales personales, visitar al médico o recrearse como la mayoría de las personas. Son muchos los lugares en todo Puerto Rico, como en la Propiedad de la Parte Peticionada, donde se han ignorado los requisitos razonables de la ley ADA. La ley ADA tiene la capacidad de hacer la diferencia entre la participación y la exclusión diaria.

vi. La Parte Peticionada también ignora sus propias experiencias en otros lugares de acomodo público. Esto es, la Parte Peticionada ha visto que en otros lugares existen estacionamientos accesibles, baños accesibles, mostradores accesibles y muchos elementos más en cumplimiento, por lo que tenía y tiene conocimiento de cuales son los accesos que se deben dar a las personas con discapacidades.

vii. La Parte Peticionada sabe que los permisos administrativos estatales y municipales no equivalen a cumplimiento con las leyes de accesibilidad aplicables. La Parte Peticionaria cree, y por tanto alguna, que algunos de los permisos municipales y estatales que tiene la Parte Peticionada para operar su lugar de acomodo público señalan expresamente que el permiso para operar el negocio no equivale a una

certificación de cumplimiento con la ley ADA.

viii. Se cree, y por tanto se alega, que existen certificaciones de arquitectos, ingenieros, contratistas, gestores y empleados de gobierno donde se certificó de manera contraria a la realidad (potencialmente fraudulenta, sujeto a investigación y descubrimiento de prueba) que la propiedad cumplía con la reglamentación de la ley ADA con el propósito de diseñar, construir, alterar u operar la Propiedad en controversia en violación a la reglamentación federal. La Parte Peticionada no puede ampararse en actos impropios suyos o de terceros para justificar la operación continua de un lugar de acomodo público que viola la reglamentación federal aplicable.

ix. La Parte Peticionada no tiene obligación de dar una notificación por escrito de la falta de accesibilidad. Ninguna otra ley de derechos civiles permite que los comercios y lugares de acomodo público discriminen sin consecuencia hasta que las víctimas de la discriminación notifiquen al negocio que se ha violado la ley. Si fuese un requisito dar "notificación" a la persona que viola derechos civiles, los lugares de acomodo público no serían proactivos en la eliminación de las barreras arquitectónicas. En su lugar, muchos asumirían una actitud de "mejor espero y resuelvo si alguien dice y prueba que me dio aviso de lo que es obvio que está mal". La ADA no coloca el peso de actuar en las personas con discapacidades que la ley busca proteger; el deber de ser proactivo lo tiene el lugar de acomodo público. Si fuese un requisito dar avisos al establecimiento, el costo de dar el aviso y probar que se dio el aviso va a recaer sobre la persona con discapacidades, quienes usualmente ya tienen capacidad financiera limitada. Por ejemplo, un aviso escrito por un lego probablemente resulte en una litigación extensiva y controversia de hecho sobre si ese aviso realmente se entregó a una persona con autoridad (como si fuese un emplazamiento), si se envió por correo a la dirección correcta (en un contexto donde muchos comercios operan de manera informal y sin direcciones postales) o controversias sobre si realmente se envió el escrito (forzando al discapacitado a asumir el costo de envío de cartas por correo certificado) o controversias interminables sobre si el aviso fue suficiente, especifico o completo. Los discapacitados encuentran múltiples barreras diariamente o no van a lugares

porque saben que no son accesibles (contrario a una persona que no sufre accidentes de transito todos los días), de modo que los discapacitados, bajo el enfoque de dar "avisos" tendrían que invertir mucho dinero en enviar carta por correo certificado o entregar a la mano a persona con autoridad estos avisos. Requerir avisos evitaría que el tribunal se concentre en la sustancia del mandato federal, accesibilidad, y pondría escollos procesales al ejercicio de los derechos.

x. Establecer y administrar un negocio requiere cumplimiento de muchas leyes y normas. Ese es el costo de hacer negocios. Quien decide operar un lugar de acomodo publico, tiene que cumplir con las leyes aplicables desde el día uno. Actúa de manera a sus propios actos quien decide operar un lugar de acomodo público que desde el día uno excluye o limita el acceso a las personas con discapacidades. Es impensable que se busque retrasar (mediante requerir "avisos") o eliminen las consecuencias para las pequeñas o grandes empresas que no paguen impuestos o no cumplan con los códigos de salubridad y seguridad. Violar los derechos de las personas con discapacidad no debe tratarse de manera diferente. También es inaceptable que se requiera cumplimiento a las "grandes" empresas y no a las medianas o pequeñas (o viceversa) o que se requiera cumplimiento dependiente del lugar de incorporación de la compañía o dependiendo del originen nacional o raza de los dueños o accionista de la compañía o empresa.

xi. Hay grandes esfuerzos federales para educar a los dueños de negocios sobre sus obligaciones de la ADA, incluido el sitio web detallado del Departamento de Justicia de los Estados Unidos sobre cumplimiento con ADA (ada.gov), la línea directa del Departamento de Justicia, materiales de asistencia técnica extensa del Departamento de Justicia y los diez centros regionales ADA financiados por el gobierno federal que proporcionan recursos a profundidad y capacitación en todos los estados ( adata.org ). Sin embargo, la Parte Peticionada no ha hecho ningún esfuerzo significativo y proactivo para cumplir con la ADA.

xii. A base del incumplimiento histórico y nivel de incumplimiento, se cree que la Parte Peticionada jamás ha reconocido que los estándares de accesibilidad de ADA son extremadamente importantes. No son detalles menores o reglas exigentes, sino más bien, son esenciales para garantizar la verdadera accesibilidad. Una puerta que es

demasiado estrecha puede ser la diferencia entre acceder a un negocio o no. Un baño con un espacio muy pequeño puede hacer la diferencia entre usar o no un baño. Dicho esto, es importante señalar que para imponer responsabilidad bajo la ley ADA, la barrera no necesita excluir completamente a la Parte Peticionaria de entrar o usar la instalación; solo necesita *interferir* con el disfrute pleno e igual de la Parte Peticionaria. La ADAAG establece estándares técnicos requeridos para que haya un "disfrute pleno e igualitario". Por eso, si una barrera viola el ADAAG y dicha barrera se relaciona con la discapacidad de la Parte Peticionaria, el igual y completo acceso se ve menoscabado, lo que constituye discriminación bajo la ADA.

xiii.   Se sabe que las personas con discapacidad experimentan una pérdida de dignidad, independencia, personalidad y orgullo asociados con la segregación y la falta de acceso a alojamientos públicos.  Beyond the Price Tag: An Economic Analysis of Title III of the Americans with Disabilities Act, 20 Kan. J. L. & Pub. Pol'y 58, 76, 85 (Fall 2010). Las barreras de acceso y la segregación crean estigma social y socava los sentimientos de autoestima e independencia de las personas con discapacidad. Stacey Menzel Baker, Jonna Holland and Carol Kaufman-Scarborough, How Consumers with Disabilities Perceive "Welcome" in Retail Servicescapes: A Critical Incident Study, 23 J. of Serv. Marketing 160, 167-168 (2007).  Las barreras también causan que las personas con discapacidad tengan una reacción general negativa a todo el entorno minorista, y experimentar miedo e incomodidad en ese ambiente. Carol Kaufman-Scarborough, Reasonable Access for Mobility-Disabled Persons is More Than Widening the Door, 75 J. of Retailing 479, 483, 494 (1999). Véase además, The Routledge Handbook of Designing Public Spaces for Young People: Processes, Practices and Policies for Youth Inclusion (2020) (discutiendo el concepto de acceso a una experiencia sustancialmente similar, más allá del acceso físico, desde una perspectiva científica); Moreno Llopis, Beatriz. La arquitectura al servicio de la discapacidad funcional. Diss. 2020; Cruz, Vanessa Vianna, et al. "Accessibility barriers for people with disabilities or reduced mobility: an integrative review." Research, Society and Development 9.4 (2020): 168943053; Carol Kaufman-Scarborough

and Stacey Menzel Baker, <u>Do People with Disabilities Believe the ADA Has Served Their Consumer Interests?</u>, 39 J. of Consumer Aff. 1, 24 (Summer 2005); Baker, Stacey Menzel, Jonna Holland, and Carol Kaufman-Scarborough. <u>How consumers with disabilities perceive "welcome" in retail servicescapes: a critical incident study.</u> Journal of Services Marketing (2007); Realm, Public. <u>Experiential Accessibility.</u> La inaccesibilidad en la web también constituye también unos de los grandes retos modernos.  Cohen, Alex H., Jorge E. Fresneda, and Rolph E. Anderson. <u>What Retailers Need To Understand About Website Inaccessibility And Disabled Consumers: Challenges And Opportunities</u>. Journal of Consumer Affairs.

xiv.  La Parte Peticionaria rechaza con vehemencia argumentos de que hacer valer la ley ADA de manera privada es ilegítima. La ley debe cumplirse independientemente que el lugar de acomodo público sea una entidad pequeña, mediana o grande. La Ley ADA no permite discriminar a unos sí y a otros no. La prohibición de discrimenen es absoluta y aplica a todos por igual.  No se hace distinción por origen social, nacional, ciudadanía o residencia legal de quien opera un lugar de acomodo público, sea una persona natural o jurídica. Cumplir con los estándares de accesibilidad física de la ADA requiere que los dueños de negocios tomen medidas proactivas y, a menudo, incurrir en costos. Desafortunadamente, en este caso, la ley ni la posibilidad de ser objeto de una acción civil (de parte del gobierno o privada) fue suficiente incentivo para que se diera un cumplimiento voluntario.  La ADA no fue suficiente para convencer a la Parte Peticionada a cumplir con la ley y el objetivo de esta Petición es procurar que finalmente se cumpla el mandato de ley.

## DAÑOS COMPENSATORIOS BAJO EL TITULO III DE LA ADA

49.  Como resultado de la política discriminatoria y sistemática aquí descrita, la Parte Peticionaria sufrió un daño emocional y fue victima de discrimen el día 12 de septiembre de 2021.

50.  La Parte Peticionada mostró indiferencia deliberada hacia los derechos de la Parte Peticionaria.  La Parte Peticionada presenta en sus instalaciones barreras arquitectónicas que no son accesibles para personas que presentan movilidad limitada.

51.  La Parte Peticionaria solicita daños compensatorios no menores a $250,000.

## SOLICITUD DE INTERDICTO PERMANENTE BAJO EL TITULO III DE LA ADA

52.  Como resultado de las barreras arquitectónicas descritas anteriormente en esta presente

acción la Parte Peticionaria sufrió y continúa sufriendo humillación, angustia y menoscabo de su dignidad personal y derecho a vivir libre de discriminación o interferencia con sus derechos legales.

53.     La Parte Peticionaria tiene derecho a un remedio a un interdicto estatutario permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la Parte Peticionada a que tome todos los pasos necesarios para eliminar las barreras arquitectónicas descritas anteriormente y para que sus instalaciones cumplan con los requisitos establecidos en la ADA y sus reglamentos de implementación, para que sus instalaciones sean totalmente accesibles a, y de forma independiente, por personas con movilidad limitada, y que además ordene que el tribunal retendrá jurisdicción por un período para supervisar que la Parte Peticionada cumpla con los requisitos relevantes de la ADA y para asegurarse de que la Parte Peticionada haya adoptado y siga una política institucional que de hecho haga que la Parte Peticionada permanezca totalmente en cumplimiento con la ley.

54.     La Parte Peticionaria también tiene derecho a que en caso de que la Parte Peticionada continúe su condición discriminatoria, pueda solicitar que se ordene el cierre y clausura de la Propiedad como medida para detener la condición discriminatoria hasta tanto la Parte Peticionada haya acreditado de manera fehaciente a satisfacción del tribunal que se ha eliminado el discrimen;

55.     Conforme a 42 USC §§ 12205, la Parte Peticionaria tiene derecho a sus honorarios de abogado, gastos de litigio, costas y gastos de testigos periciales.


## SEGUNDA CAUSA DE ACCIÓN
## REHABILITATION ACT DE 1973
(Sección 504, 29 U.S.C. § 701 et seq.)

56.     Se incorporan todos los párrafos anteriores por referencia.

57.     La Sección 504 dispone: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

58.     La Parte Peticionaria es una persona protegida por la Sección 504 ya que es una persona con una discapacidad, según.

59.     La Parte Peticionaria es una persona elegible para recibir los beneficios y servicios que se hacen disponibles al público en la Propiedad.

60.     El CARES Act autoriza a la Small Business Administration (SBA) a proveer asistencia económica temporera a organizaciones elegibles. Específicamente, la Sección 1102 del CARES Act estableció el programa conocido como Paycheck Protection Program (PPP), que amplió la autoridad de SBA para garantizar prestamos bajo la sección 7(a) del Small Business Act. La Sección 1110 del CARES Act amplió a su vez la autoridad de SBA para distribuir prestamos conocidos como Injury Disaster Loans (EIDL) bajo la Sección 7(b)(2) del Small Business Act. En resumen, esto significa que se pueden tomar un prestamo que luego no se tiene que repagar.

61.     Por supuesto, el recibo directo de fondos federales supone unas obligaciones para los beneficiarios. Por ejemplos, múltiples leyes de derechos civiles imponen obligaciones a las personas que reciben fondos federales. Entre ellas, el Titulo VI de la Ley de Derechos Civiles de 1964 y, en lo aquí relevante, la Sección 504 del Rehabilitation Act, que prohíbe el discrimen por razón de discapacidad.  De igual manera, la reglamentación de la SBA también le prohíbe a entidades que reciben fondos federales discriminar a base de ciertas categorías protegidas, incluyendo "handicap" o impedimento. 13 C.F.R. Sección 112 que implementa el título VI; 13 C.F.R. Sección 117, que implementa  la Age Discrimination Act; of 13 C.F.R. Sección 113, Subparte A. Por mandato reglamentario, las entidades que reciben fondos federales tiene una obligación de mantener records y producir reportes de cumplimiento con estos requisitos cuando ello sea solicitado; deben también permitir el acceso a estos records y a las facilidades. Las personas también pueden hacer querellas con la SBA, y si la investigación refleja incumplimiento con los requerimientos aplicables, la SBA puede suspender los beneficios, acelerar el repago de la deuda o requerir la devolución de los fondos federales.

62.     Durante el pasado año, y al presente, la Parte Demandada y la Propiedad recibió fondos federales como parte de sus programas y actividades. Estos fondos federales, entre otros, a base de los fondos del CARES Act y el PPP antes discutidos. Se cree, y será objeto de descubrimiento de prueba, que también se han recibido fondos federales de otras fuentes y programas federales.

63.     Durante los pasados cuatro años, y también durante el pasado año, la Parte Peticionada y la Propiedad, operó un programa o actividad cubierto por la Rehabilitation Act y también recibió fondos federales como parte de sus programas y actividades.

64.     La conducta de la Parte Peticionada descrita en esta alegación violó los derechos de la Parte Peticionaria bajo la Rehabilitation Act al excluir a la Parte Demandante o negarle beneficios solamente por razón de su discapacidad.

BY2021CV03808 21/09/2021 06:18:17 pm Entrada Núm. 1 Página 23 de 25

65.     La conducta de la Parte Peticionada demuestra una indiferencia deliberada hacia los derechos de la Parte Demandante porque la Parte Demandada sabía o debía saber de sus obligaciones legales bajo la legislación federal, más ignoró las misma de manera consciente.

66.     La Parte Peticionaria sufrió angustia emocional y daños debido a la violación de la Rehabilitation Act por parte de la Parte Demandada.

67.     De conformidad con la Sección 505 de la Rehabilitation Act, la Parte Peticionaria tiene derecho a una compensación por sus daños, costas, gastos de litigio y honorarios de abogado.

## DAÑOS NOMINALES

68.     Conforme a lo resulto por el Tribunal Supremo de los Estados Unidos en *Uzuegbunam v. Preczewski*, 592 U.S. ___ (2021), 2021 WL 850106 (March 8, 2021),[5] se solicita la imposición de daños nominales bajo la ADA y la *Rehabilitation Act*.   En *Uzuegbunam*, se le prohibió a un estudiante predicar en el campus de la Universidad de Georgia cuando este era estudiante. En una decisión de 8-1 en *Uzuegbunam*, el Tribunal Supremo de los Estados Unidos concluyó que Chike Uzuegbunam podía reclamar daños nominales al Georgia Gwinnett College, aún cuando la universidad cambió su política discriminatoria en respuesta a la acción civil incoada por este.  El juez Clarence Thomas fue el autor de la opinión mayoritaria y los jueces Samuel Alito, Stephen Breyer, Amy Coney Barrett, Neil Gorsuch, Elena Kagan, Brett Kavanaugh y Sonia Sotomayor también se unieron a la opinión mayoritaria, que puso fin a la práctica de "*tactical mootness*" en el contexto de las causas de acción federal. Esta práctica consiste en alegar que una violación de derechos se ha tornado académica con el fin luego solicitar la desestimación de la totalidad de la demanda. Si bien un reclamo de interdicto puede tornarse académico si se cumplen todos los requisitos de la doctrina y sus excepciones, el reclamo de todas maneras puede quedarse vivo mediante un reclamo de daños nominales. Los daños nominales representan una victoria concreta para el reclamante y sirven además como base para determinar quien es la parte prevaleciente en el procedimiento civil. En este caso, se solicita la imposición de daños nominales bajo la (i) ADA y (ii) bajo la Rehabilitation Act.

69.     La Parte Peticionada no ha adoptado ni aplicado métodos administrativos, políticas, procedimientos y/o prácticas apropiadas para garantizar que la Parte Peticionada cumple con la Ley ADA y la Secciòn 504 para garantizar la no discriminación contra las personas con discapacidades físicas y el acceso equitativo a las instalaciones del acomodo público en cuestión.

---

[5] Ver https://www.supremecourt.gov/opinions/20pdf/19-968_8nj9.pdf

## REMEDIOS LEGALES SOLICITADOS

**POR TODO LO CUAL**, la Parte Peticionaria muy respetuosamente solicita los siguientes remedios legales:

A. Una sentencia declaratoria disponiendo que la parte Peticionada ha violado los requisitos de la Rehabilitation Act de 1973 y el Título III de la ADA y la reglamentación de implementación relevante de la ADA; y que la Propiedad no es completamente accesible y utilizable de manera independiente para personas con movilidad limitada como la Parte Peticionaria;

B. Un interdicto estatuario permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la Parte Peticionada a que tome todos los pasos necesarios para eliminar las barreras arquitectónicas descritas anteriormente y para que sus instalaciones cumplan con los requisitos establecidos en la ADA y sus reglamentos de implementación, para que sus instalaciones sean totalmente accesibles a, y de forma independiente, por personas con movilidad limitada, y que además ordene que el tribunal retendrá jurisdicción por un período para supervisar que la Parte Peticionada cumpla con los requisitos relevantes de la ADA y para asegurarse de que la Parte Peticionada haya adoptado y siga una política institucional que de hecho haga que la Parte Peticionada permanezca totalmente en cumplimiento con la ley;

C. En caso de que la Parte Peticionada continúe su condición discriminatoria, se solicita de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 que se ordene el cierre y clausura de la Propiedad como medida para detener la condición discriminatoria hasta tanto la Parte Peticionada haya acreditado de manera fehaciente a satisfacción del tribunal que se ha eliminado el discrimen;

D. Daños compensatorios al amparo del Titulo III de la ADA.

E. Daños compensatorios al amparo de la *Rehabilitation Act*.

F. Daños nominales al ascendentes a un dólar por dos fundamentos completos e independientes: (1) violación al Rehabilitation Act; (2) violación de la Americans with Disabilities Act. Los daños nominales no están disponibles para las causas de acción estatales, pero sí para las causas de acción federales (federal question) y se solicita la imposición de daños nominales expresamente al amparo de lo resuelto en Uzuegbunam v. Preczewski, 592 U.S. ___ (2021).

G. Honorarios de abogado, costas, gastos de litigio, conforme a 42 USC § 12205 y la Sección 505 de la *Rehabilitiation Act.*

H. La provisión de cualquier otro remedio que sea justo, propio, en ley o equidad, que no haya sido expresamente solicitado pero que proceda como cuestión de derecho.

**SOMETIDO RESPETUOSAMENTE**.

Hoy 21 de septiembre de 2021

f/José Carlos Vélez Colón
LIC. JOSÉ CARLOS VÉLEZ COLÓN
 R.U.A. NÚM.:  18913
JVELEZ@VELEZLAWGROUP.COM

421 AVE MUÑOZ RIVERA #205
SAN JUAN, PR 00918

TEL.: (787) 599-9003
FAX: N/A

Abogado de la Parte Peticionaria

# ANEJO A

El **Anejo A** es una alegación suplementaria que es producto de una investigación realizada por el señor Faustino Betancourt durante su última visita a la Propiedad.

Las imágenes que se presentan a continuación constatan el estado histórico de las instalaciones de Pizza Hut.

Cada imagen tiene al pie una descripción de lo que muestra la imagen, así cómo una descripción sobre porque estás condiciones constituyen violaciones a la ley ADA.

Cada uno de los aspectos aquí señalados está en controversia.

Las imágenes son a su vez una muestra representativa del estado en el que se encuentran las instalaciones de Pizza Hut.

En este procedimiento civil, están en controversia *todas* las instalaciones de Pizza Hut, que tienen una configuración inconsistente con el derecho aplicable.

ENCANTO RESTAURANT, INC. d/b/a PIZZA HUT

DIRECCIÓN: CARR 693 KM 8.0, DORADO, 00646, PUERTO RICO

COORDENADAS: 18.464939348894987, -66.27315545246638

Case 3:21-cv-01536-ADC Document 1-1 Filed 11/08/21 Page 27 of 84

ESTACIONAMIENTO Y ÀREAS EXTERNAS



| **DECRIPCIÓN:** | En la imagen arriba, se evidencia que la pendiente en los estacionamientos y los espacios adyacentes a los estacionamientos es inconsistente con los requisitos de la reglamentación aplicable, pues su inclinación es mayor a 1:48 en todas las direcciones. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01536-ADC Document 1-1 Filed 11/08/21 Page 28 of 84



| DECRIPCIÓN: | En la imagen arriba, se evidencia que en la parte izquierda de la imagen se muestra el parqueadero accesible, pero no existe una ruta accesible hasta la Propiedad. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01536-ADC   Document 1-1   Filed 11/08/21   Page 29 of 84



| DECRIPCIÓN: | En la imagen arriba, demuestra que el estacionamiento contiene hundimientos o huecos, además la rotulación del estacionamiento es sustancialmente inconsistente. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01536-ADC Document 1-1 Filed 11/08/21 Page 30 of 84



| **DECRIPCIÓN:** | En la imagen arriba, se evidencia que al final de la acera no hay una rampa que permita el acceso a la acera. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | En la imagen arriba, demuestra que las aceras de la Propiedad contienen un tamaño menor al mínimo permitido por la ley aplicable, además parte de la acera es invadida por la vegetación. |
|---|---|
| BARRERAS | Estas condiciones dificultarían la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01536-ADC   Document 1-1   Filed 11/08/21   Page 32 of 84



| DECRIPCIÓN: | En la imagen arriba, demuestra que en cuanto a estacionamientos, no se cumple el requisito de que al menos un estacionamiento que cumpla con las especificaciones técnicas y dimensiones de la categoría "van". |
|---|---|
| **BARRERAS** | Estas condiciones dificultarían la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| **DECRIPCIÓN:** | En la imagen arriba, demuestra que la configuración y dimensiones de los espacios adyacentes a los estacionamientos es sustancialmente inconsistente con los requisitos de la reglamentación aplicable. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | En la imagen arriba, se evidencia que existen huecos o hundimientos en el asfalto de los estacionamientos. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | La imagen arriba, denota que la ruta de acceso a la Propiedad contiene un escalón que representa un obstáculo para el acceso. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| **DECRIPCIÓN:** | En la imagen arriba, se evidencia que el estacionamiento tiene hundimientos y grietas en varias partes del parqueadero, lo cual demuestra que la configuración y dimensiones de los espacios adyacentes a los estacionamientos es sustancialmente inconsistente con los requisitos de la reglamentación aplicable. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| **DECRIPCIÓN:** | La imagen arriba, denota que en cuanto a estacionamientos, no hay el número requerido de estacionamientos accesibles. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01530-ADC Document 1-1 Filed 11/08/21 Page 38 of 84



| | |
|---|---|
| **DECRIPCIÓN:** | En la imagen arriba, demuestra que la pendiente en los estacionamientos y los espacios adyacentes a los estacionamientos es inconsistente con los requisitos de la reglamentación aplicable, pues su inclinación es mayor a 1:48 en todas las direcciones. |
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| **DECRIPCIÓN:** | En la imagen arriba, demuestra que en la parte trasera de la Propiedad, contiene hundimientos, lo cual evidencia que es una constante en los estacionamientos su falta de mantenimiento. |
| --- | --- |
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| **DECRIPCIÓN:** | En la imagen arriba, demuestra que los estacionamientos accesibles no están ubicados en la ruta accesible más cercana a la entrada accesible, además que en los estacionamientos, no se cumple el requisito de que al menos un estacionamiento que cumpla con las especificaciones técnicas y dimensiones de la categoría "van". |
| --- | --- |
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

# ANEJO B

El **Anejo B** es una alegación suplementaria que es producto de una investigación realizada por el señor Faustino Betancourt durante su última visita a la Propiedad.

Las imágenes que se presentan a continuación constatan el estado histórico de las instalaciones de Pizza Hut, específicamente de las àreas al interior de la Propiedad y los baños de la Propiedad.

ENCANTO RESTAURANT, INC. d/b/a PIZZA HUT

DIRECCIÓN: CARR 693 KM 8.0, DORADO, 00646, PUERTO RICO

COORDENADAS: 18.464939348894987, -66.27315545246638

1

ÀREAS INTERNAS



| DECRIPCIÓN: | La imagen arriba, evidencia que la puerta de la entrada contiene una configuración sustancialmente inconsistente. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01536-ADC Document 1-1 Filed 11/08/21 Page 43 of 84



| **DECRIPCIÓN:** | En la imagen arriba, se evidencia que en la parte izquierda hay una barra de atención con una configuración sustancialmente inconsistente. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarían la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| **DECRIPCIÓN:** | En la imagen arriba, demuestra que existe una fila de pago y mostrador ("checkout aisle" o fila de pago, pero las dimensiones y espacios son sustancialmente inconsistentes con la reglamentación aplicable. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | En la imagen arriba, se evidencia que hay mostradores de ventas y servicios, pero la configuración y dimensiones son sustancialmente inconsistentes con la reglamentación aplicable. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01536-ADC Document 1-1 Filed 11/08/21 Page 46 of 84

BAÑO PARA HOMBRES



| DECRIPCIÓN: | En la imagen arriba, se evidencia que la puerta del baño de hombres contiene un mecanismo que requiere girar la muñeca, lo cual es sustancialmente inconsistente con la ley aplicable. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| **DECRIPCIÓN:** | La imagen arriba, denota que el lavamanos contiene objetos en la parte inferir que obstruyen el acceso, además la configuración del inodoro es sustancialmente inconsistente por cuanto su altura y su ubicación es antirreglamentaria. Así mismo, no existen pasamanos alrededor del inodoro conforme a los requerimientos mínimos de un baño accesible. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | En la imagen arriba, demuestra que el posicionamiento del dispensador del papel y de la caneca de la basura es sustancialmente inconsistente, en consecuencia, obstruye el acceso al inodoro para una persona con movilidad limitada. |
|---|---|
| BARRERAS | Estas condiciones dificultarían la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01536-ADC Document 1-1 Filed 11/08/21 Page 49 of 84



| **DECRIPCIÓN:** | En la imagen arriba, se evidencia que el espejo esta en una altura mayor al máximo permitido por la ley aplicable, además el secador de manos esta ubicado a una altura inconsistente. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01530-ABC   Document 1-1   Filed 11/08/21   Page 50 of 84

## BAÑO DE DAMAS



| DECRIPCIÓN: | En la imagen arriba, se evidencia que la puerta contiene un mecanismo que requiere girar la muñeca, lo cual es sustancialmente inconsistente. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| **DECRIPCIÓN:** | En la imagen arriba, se evidencia que la configuración del inodoro es sustancialmente inconsistente, además no se evidencian pasamanos. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

Case 3:21-cv-01530-ABC   Document 1-1   Filed 11/08/21   Page 52 of 84



| **DECRIPCIÓN:** | La imagen arriba, denota que el lavamanos contiene artículos en la parte interior que obstaculizan el acceso, además el espejo tiene una altura mayor al máximo permitido. El dispensador de jabón tiene una ubicación sustancialmente inconsistente. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | En la imagen arriba, demuestra que el secador de manos esta en una altura mayor al máximo permitido por la ley aplicable. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

## ANEJO C

El **Anejo C** es una alegación suplementaria que es producto de una investigación realizada conforme a la Regla 9.1 de las Reglas de Procedimiento Civil de Puerto Rico, la cual impone un deber de investigación razonable a todos los abogados.

Las imágenes que se presentan a continuación constatan el estado histórico de las instalaciones de Pizza Hut.

Cada imagen tiene al pie descripción de lo que muestra la imagen, así como una descripción sobre porque estás condiciones constituyen violaciones a la ley ADA.

Cada una de los aspectos aquí señaladas está en controversia.

Las imágenes son a su vez una muestra representativa del estado en el que se encuentran las instalaciones de Pizza Hut.

En este procedimiento civil, están en controversia *todas* las instalaciones de Pizza Hut que tienen una configuración inconsistente con el derecho aplicable.

- En primer lugar, la siguiente imagen demuestra el lugar exacto donde está ubicada la Propiedad en cuestión:



ENCANTO RESTAURANT, INC. d/b/a PIZZA HUT

DIRECCIÓN: CARR 693 KM 8.0, DORADO, 00646, PUERTO RICO

COORDENADAS: 18.464939348894987, -66.27315545246638



| **DECRIPCIÓN:** | En la imagen arriba, se evidencia que el estacionamiento tiene una inclinación mayor a la permitida por la ley aplicable, ademas la rotulación es sustancialmente inconsistente. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | La imagen arriba, denota que la pendiente en los estacionamientos y los espacios adyacentes a los estacionamientos es inconsistente con los requisitos de la reglamentación aplicable, pues su inclinación es mayor a 1:48 en todas las direcciones. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

3



| **DECRIPCIÓN:** | En la imagen arriba, demuestra que la rotulación del estacionamiento es inconsistente y ademas no existe una ruta accesible desde el estacionamientos hasta la propiedad. |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | En la imagen arriba, se evidencia que no existe demarcación adecuada en el estacionamiento, ademas no se evidencian estacionamientos accesibles para vehiculos tipo VAN en la propiedad. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| | |
|---|---|
| **DECRIPCIÓN:** | La imagen arriba, denota que en cuanto a estacionamientos, no se cumple el requisito de que al menos un estacionamiento que cumpla con las especificaciones técnicas y dimensiones de la categoría "van". |
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | En la imagen arriba, se evidencia que no existe una ruta accesible desde el estacionamiento hasta la propiedad, ademas se evidencia un escalon que obstruye la entrada a la Propiedad. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | La imagen arriba, denota que en cuanto a estacionamientos, no hay el número requerido de estacionamientos accesibles, ademas el estacionamiento no recibe un mantenimiento adecuado para que se mantenga en "condición operable" |
|---|---|
| **BARRERAS** | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |



| DECRIPCIÓN: | En la imagen arriba, se evidencia que ningún estacionamiento tiene la rotulación de "van" requerida por la reglamentación aplicable, ademas los estacionamientos accesibles no están ubicados en la ruta accesible más cercana a la entrada accesible. |
|---|---|
| BARRERAS | Estas condiciones dificultarian la ambulación de una persona que utilice silla de rueda, andador, bastón o que tenga dificultad de movilidad. Obstruyendo el disfrute de los bienes o beneficios ofrecidos por la Propiedad. |

# ANEJO D

El **Anejo D** es una alegación suplementaria dentro del cual se relaciona el documento oficial que acredita al señor Faustino Betancourt como beneficiario de los privilegios otorgados por el Departamento de Transportación y Obras Públicas del Gobierno de Puerto Rico:

El Departamento de Transportación y Obras Públicas del Gobierno de Puerto Rico (DTOP) ha expedido para beneficio del señor Betancourt Colón un rótulo removible de personas con impedimento físico, de modo que el señor Betancourt Colón pueda utilizar el rótulo para estacionarse en estacionamientos identificados como accesibles o "de impedido".  El rótulo removible no tiene que ser utilizado en un vehículo especifico ni tiene que ser utilizado en un vehículo de motor inscrito a favor del señor Betancourt Colón.

El señor Betancourt Colón tiene derecho a utilizar el rótulo removible expedido por DTOP en cualquier vehículo, ya sea uno propio, un familiar, un amigo o un vehículo que haya abordado de manera incidental, así mismo tiene derecho legal a utilizar estacionamientos designados como accesibles o "de impedidos" en esta jurisdicción sin importar el vehículo de motor en el que se encuentre abordo.





**Estado Libre Asociado de Puerto Rico**
**Tribunal de Primera Instancia**

**COMPROBANTE DE PRESENTACIÓN ELECTRÓNICA**

| | |
|---|---|
| **Transacción registrada el:** | 21 DE SEPTIEMBRE DE 2021 A LAS 06:18 PM |
| **Fecha de transacción:** | 21 DE SEPTIEMBRE DE 2021 A LAS 06:17 PM |
| **Fecha de presentación:** | 21 DE SEPTIEMBRE DE 2021 |
| **Nombre del caso:** | FAUSTINO XAVIER  BETANCOURT  COLÒN  VS BPP RETAIL PROPERTIES LLC , ENCANTO RESTAURANTS, INC, FULANOS DE TAL 1-100 |
| **Núm. de caso:** | BY2021CV03808 |
| **Núm. de control:** | CV-000402354 |
| **Documento presentado:** | DEMANDA |
| **Presentado por:** | LIC. JOSÉ CARLOS VÉLEZ COLÓN |
| **Comparecen:** | FAUSTINO XAVIER  BETANCOURT  COLÒN |
| **Núm. de Tribunal Supremo:** | 18913 |
| **Confirmación de Pago:** | 28906722 |

**Su primera alegación o demanda fue presentada en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) (Derechos Arancelarios Pagados $90.00).**

**SE ADVIERTE QUE** deberá acudir a la Secretaría del Tribunal con copia impresa de los formularios de emplazamiento para su correspondiente expedición, en la alternativa, podrá presentar una moción tipo Escrito al Expediente Judicial e incluir los emplazamientos como documento adicional para que le sean expedidos y devueltos electrónicamente, de así ser necesario conforme a las Reglas de Procedimiento Civil. De no haber pagado electrónicamente los derechos arancelarios establecidos por Ley para esta transacción, no se entenderá presentado el documento. Si pagó aranceles por una cantidad mayor, se entenderá que renunció a dicho exceso. Si pagó aranceles por una cantidad menor a lo dispuesto en la Ley, no se entenderá presentado el documento. El pago realizado electrónicamente no es transferible ni reembolsable.

"Este comprobante ha sido generado por SUMAC"

Generado: 5/11/2021

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br>**Parte Peticionaria**<br><br>v.<br><br>**BPP RETAIL PROPERTIES LLC., ENCANTO RESTAURANT, INC., FULANOS DE TAL 1-100**<br>**Parte Peticionada** | **CIVIL NÚM: BY2021CV03808**<br><br><br><br>**SOBRE: DAÑOS; PETICIÓN DE ORDEN** |

**MOCIÓN EN SOLICITUD DE EXPEDICIÓN DE EMPLAZAMIENTO**

**AL HONORABLE TRIBUNAL:**

**COMPARECE**, Faustino Xavier Betancourt Colón representado por el abogado que suscribe y muy respetuosamente, solicita la expedición del proyecto de emplazamiento que se acompaña.

**RESPETUOSAMENTE SOMETIDO.**

**Fechado**: 21 de septiembre de 2021.

> f/JOSÉ CARLOS VÉLEZ COLÓN
> LIC. JOSÉ CARLOS VÉLEZ COLÓN
> R.U.A. NÚM.: 18913
> JVELEZ@VELEZLAWGROUP.COM
>
> VELEZ LAW GROUP LLC
> 421 AVE MUÑOZ RIVERA #205
> SAN JUAN, PR 00918
>
> 1969 S ALAFAYA TRAIL #379
> ORLANDO, FL 32828-8732
>
> TEL.: (787) 599-9003
> TEL: (407) 267-7130
>
> ABOGADO DE LA PARTE PETICIONARIA

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** Parte Peticionaria | **CIVIL NÚM: BY2021CV03808** |
| v. | |
| **BPP RETAIL PROPERTIES LLC, ENCANTO RESTAURANTS, INC., FULANOS DE TAL 1-100** Parte Peticionada | **SOBRE: DAÑOS PETICIÓN DE ORDEN** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**

# BPP RETAIL PROPERTIES LLC

**DIRECCIÒN:** C/o Expert Corporate Solutions, LLC 988 Luis Muñoz Rivera Ave. Suite 5
SAN JUAN, PR 00927
Coordenadas:18.40322195974617, -66.05661206633629
**DIRECCIÒN POSTAL:** PO Box 30642 SAN JUAN, PR 00929

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #1009, SAN JUAN, PUERTO RICO, 00918-4015 Tel: 7875999003 |
| Correo Electrónico: | JVELEZ@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

_____
Nombre del (de la)
Secretario(a) Regional

Sello del Tribunal

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

**PRUEBA DEL DILIGENCIAMIENTO**

**NUM.: DE CASO:   CASO NÚM.: BY2021CV03808**

Faustino Xavier Betancourt Colón V.  BPP RETAIL PROPERTIES LLC

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **PETICION (**en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

**************************************************************************
**DECLARACION DEL DILIGENCIANTE**
**(ANTE LA SECRETARIA DEL TRIBUNAL)**

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2021**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2021.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br>Parte Peticionaria<br><br>v.<br><br>**BPP RETAIL PROPERTIES LLC, ENCANTO RESTAURANTS, INC., FULANOS DE TAL 1-100**<br>Parte Peticionada | **CIVIL NÚM: BY2021CV03808**<br><br><br><br>**SOBRE: DAÑOS**<br>**PETICIÓN DE ORDEN** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**
# ENCANTO RESTAURANTS, INC.
**DIRECCION:** MONTEHIEDRA OFFICE CENTRE 9615 LOS ROMERO AVE. SUITE 200
SAN JUAN, PR 00926-7037
Coordenadas:18.335495002259112, -66.06844159974811
**DIRECCION POSTAL:** PO BOX 11858 SAN JUAN, PR 00922-1858

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #1009, SAN JUAN, PUERTO RICO, 00918-4015<br>Tel: 7875999003 |
| Correo Electrónico: | JVELEZ@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

Sello del Tribunal

_____
Nombre del (de la)
Secretario(a) Regional

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

## PRUEBA DEL DILIGENCIAMIENTO

**NUM.: DE CASO:**   CASO NÚM.:  **BY2021CV03808**
Faustino Xavier Betancourt Colón V.  Encanto Restaurants, Inc.

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **PETICION (**en adelante, **"DEMANDA")** en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1.  **FECHA** y hora del diligenciamiento: _____.

2.  **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3.  **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4.  **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5.  **FIRMA DEL DILIGENCIANTE:** _____

**********************************************************************
## DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2021**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2021.

_____
**FUNCIONARIO AUTORIZADO**

BY2021CV03808 21/09/2021 06:37:44 pm Entrada Núm. 2 Página 1 de 2

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** Parte Peticionaria | **CIVIL NÚM: BY2021CV03808** |
| v. | |
| **BPP RETAIL PROPERTIES LLC, ENCANTO RESTAURANTS, INC., FULANOS DE TAL 1-100** Parte Peticionada | **SOBRE: DAÑOS PETICIÓN DE ORDEN** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

# ENCANTO RESTAURANTS, INC.

**DIRECCION:** MONTEHIEDRA OFFICE CENTRE 9615 LOS ROMERO AVE. SUITE 200 SAN JUAN, PR 00926-7037
Coordenadas:18.335495002259112, -66.06844159974811
**DIRECCION POSTAL:** PO BOX 11858 SAN JUAN, PR 00922-1858

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #1009, SAN JUAN, PUERTO RICO, 00918-4015 Tel: 7875999003 |
| Correo Electrónico: | JVELEZ@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _23_ de _septiembre_ de _2021_.

LCDA. LAURA I. SANTA SÁNCHEZ
Secretaria Regional
Nombre del (de la)
Secretario(a) Regional

Por: _____
Mayra I. Marrero Marrero
Secretaria Servicios a Sala
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

## PRUEBA DEL DILIGENCIAMIENTO

**NUM.: DE CASO:**   CASO NÚM.: **BY2021CV03808**
Faustino Xavier Betancourt Colón V.  Encanto Restaurants, Inc.

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **PETICION** (en adelante, **"DEMANDA"**) en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico, hoy día _____ de_____ del año **2021**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2021.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

**NOTIFICACIÓN ELECTRÓNICA**

La siguiente transacción se registró y archivó en autos el 23 DE SEPTIEMBRE DE 2021

Nombre de las partes:                                    Número del caso:    BY2021CV03808

FAUSTINO XAVIER  BETANCOURT
COLÒN
V.
BPP RETAIL PROPERTIES LLC  Y
OTROS

Presentante      ELIBETH M TORRES ALICEA

Número de entrada en el expediente electrónico: 4

Presione aquí para acceder al documento electrónico objeto de esta notificación.


EMPLZ EXPEDIDO A: ENCANTO RESTAURANTS, INC registrado por ELIBETH M TORRES ALICEA.

Esta notificación electrónica se envió a:

|                              | JVELEZ@VELEZLAWGROU        |
|                              | P.COM                       |
| JOSÉ CARLOS VÉLEZ COLÓN      |                             |
| Nombre                       | Correo Electrónico          |

Esta notificación ha sido enviada automáticamente desde el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Favor de no responder a este mensaje.*

OAT 1720 NOTIFICACIÓN ELECTRÓNICA - Notificación entre Partes (SUMAC)
(Noviembre 2013)
www.poderjudicial.pr

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** Parte Peticionaria | **CIVIL NÚM: BY2021CV03808** |
| v. | |
| **BPP RETAIL PROPERTIES LLC, ENCANTO RESTAURANTS, INC., FULANOS DE TAL 1-100** Parte Peticionada | **SOBRE: DAÑOS PETICIÓN DE ORDEN** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

A:

# ENCANTO RESTAURANTS, INC.
**DIRECCION:** MONTEHIEDRA OFFICE CENTRE 9615 LOS ROMERO AVE. SUITE 200 SAN JUAN, PR 00926-7037
Coordenadas:18.335495002259112, -66.06844159974811
**DIRECCION POSTAL:** PO BOX 11858 SAN JUAN, PR 00922-1858

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

| | |
|---|---|
| Nombre del Abogado: | JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913) |
| Dirección: | 421 AVE MUNOZ RIVERA, APT #1009, SAN JUAN, PUERTO RICO, 00918-4015 Tel: 7875999003 |
| Correo Electrónico: | JVELEZ@VELEZLAWGROUP.COM |

Expedido bajo mi firma y sello del Tribunal, el _23_ de _septiembre_ de _2021_.

LCDA. LAURA I. SANTA SÁNCHEZ
Secretaria Regional
Nombre del (de la)
Secretario(a) Regional

Por: _____
Mayra I. Marrero Marrero
Secretaria Servicios a Sala
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

## PRUEBA DEL DILIGENCIAMIENTO

**NUM.: DE CASO:**   CASO NÚM.: **BY2021CV03808**
Faustino Xavier Betancourt Colón V.  Encanto Restaurants, Inc.

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **PETICION** (en adelante, **"DEMANDA"**) en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

**************************************************************************
### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2021**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2021.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

**NOTIFICACIÓN ELECTRÓNICA**

La siguiente transacción se registró y archivó en autos el 23 DE SEPTIEMBRE DE 2021

Nombre de las partes:                                    Número del caso:____BY2021CV03808____

FAUSTINO XAVIER  BETANCOURT
_____COLÒN_____
V.
BPP RETAIL PROPERTIES LLC  Y
_____OTROS_____

Presentante ____ELIBETH M TORRES ALICEA____

Número de entrada en el expediente electrónico: 5

Presione aquí para acceder al documento electrónico objeto de esta notificación.

EMPLZ EXPEDIDO A: BPP RETAIL PROPERTIES LCC registrado por ELIBETH M TORRES ALICEA.

Esta notificación electrónica se envió a:

                                                        JVELEZ@VELEZLAWGROU
____JOSÉ CARLOS VÉLEZ COLÓN____        ____P.COM____
Nombre                                                  Correo Electrónico

Esta notificación ha sido enviada automáticamente desde el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Favor de no responder a este mensaje.*

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE   Bayamón**
SALA SUPERIOR DE   Bayamón

| | | |
|---|---|---|
| FAUSTINO XAVIER  BETANCOURT  COLÒN | CASO NÚM. | BY2021CV03808 (SALÓN 402 SUPERIOR CIVIL) |
| VS | | |
| BPP RETAIL PROPERTIES LLC   Y OTROS | SOBRE: | DAÑOS Y OTROS |

# NOTIFICACIÓN

A:   JOSÉ CARLOS VÉLEZ COLÓN
       JVELEZ@VELEZLAWGROUP.COM

El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al (a la) MOCIÓN DE  EXPEDICIÓN DE EMPLAZAMIENTOS  [2] este Tribunal emitió una ORDEN el 23 de septiembre de 2021.

Se transcribe la determinación a continuación:
CASO ASIGNADO HOY.  SE EXPIDEN EMPLAZAMIENTOS.  [6]

                                        f/VANESSA J PINTADO RODRIGUEZ

SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 23 de septiembre de 2021, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.

En  Bayamón, Puerto Rico, a 23 de septiembre de 2021.

| | |
|---|---|
| LAURA I. SANTA SANCHEZ | Por:   f/ELIBETH M. TORRES ALICEA |
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br>**Parte Peticionaria**<br><br>v.<br><br>**BPP RETAIL PROPERTIES LLC.,**<br>**ENCANTO RESTAURANTS, INC.,**<br>**FULANOS DE TAL 1-100**<br>**Parte Peticionada** | **CIVIL NÚM: BY2021CV03808**<br><br><br><br>**SOBRE: DAÑOS;**<br>**PETICIÓN DE ORDEN** |

**MOCIÓN EN SOLICITUD DE EXPEDICIÓN DE EMPLAZAMIENTO**

**AL HONORABLE TRIBUNAL:**

    **COMPARECE**, Faustino Xavier Betancourt Colón, representado por el abogado que suscribe y muy respetuosamente, solicita la expedición del proyecto de emplazamiento que se acompaña en relación al copeticionado **BPP RETAIL PROPERTIES LLC** .

    **RESPETUOSAMENTE SOMETIDO.**

    **Fechado**: 30 de septiembre de 2021.

<div style="margin-left:40%">

f/JOSÉ CARLOS VÉLEZ COLÓN
LIC. JOSÉ CARLOS VÉLEZ COLÓN
 R.U.A. NÚM.:  18913
JVELEZ@VELEZLAWGROUP.COM

VELEZ LAW GROUP LLC
421 AVE MUÑOZ RIVERA #205
SAN JUAN, PR 00918

1969 S ALAFAYA TRAIL #379
ORLANDO, FL 32828-8732

TEL.: (787) 599-9003
TEL:  (407) 267-7130

Abogado De La Parte De Peticionaria

</div>

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE BAYAMÓN

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN** Parte Peticionaria<br><br>v.<br><br>**BPP RETAIL PROPERTIES LLC., ENCANTO RESTAURANTS, INC., FULANOS DE TAL 1-100** Parte Peticionada | **CIVIL NÚM: BY2021CV03808**<br><br><br><br>**SOBRE: DAÑOS PETICIÓN DE ORDEN** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**

# BPP RETAIL PROPERTIES LLC

**DIRECCION:** C/o Expert Corporate Solutions, LLC 988 Luis Muñoz Rivera Ave. Suite 5
SAN JUAN, PR 00927
Coordenadas: 18.40322195974617, -66.05661206633629
**DIRECCION POSTAL:** PO Box 30642 SAN JUAN, PR 00929

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

Nombre del Abogado:     JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913)
Dirección:                        421 AVE MUNOZ RIVERA, APT #1009, SAN JUAN,
                                         PUERTO RICO, 00918-4015
                                         Tel: 7875999003
Correo Electrónico:         JVELEZ@VELEZLAWGROUP.COM

Expedido bajo mi firma y sello del Tribunal, el _____ de _____ de _____ .

_____
Nombre del (de la)
Secretario(a) Regional

Sello del Tribunal

Por: _____
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

## PRUEBA DEL DILIGENCIAMIENTO

### NUM.: DE CASO:   BY2021CV03808
<u>Faustino Xavier Betancourt Colón V.  BPP RETAIL PROPERTIES LLC</u>

Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y PETICION (en adelante, **"DEMANDA"**) en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:

3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**

5. **FIRMA DEL DILIGENCIANTE:** _____

*************************************************************************
### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico, hoy día _____ de_____ del año **2021**.

_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2021.

_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

**NOTIFICACIÓN ELECTRÓNICA**

La siguiente transacción se registró y archivó en autos el 30 DE SEPTIEMBRE DE 2021

Nombre de las partes:                                  Número del caso: _____BY2021CV03808_____

FAUSTINO XAVIER  BETANCOURT
                    COLÒN
_____
                    V.
   BPP RETAIL PROPERTIES LLC  Y
                    OTROS
_____

Presentante _____JOSÉ CARLOS VÉLEZ COLÓN_____

Número de entrada en el expediente electrónico: 7

Presione aquí para acceder al documento electrónico objeto de esta notificación.


MOCIÓN  EXPEDICIóN DE EMPLAZAMIENTOS  presentada por FAUSTINO XAVIER
BETANCOURT  COLÒN  (JOSÉ CARLOS VÉLEZ COLÓN).

Esta notificación electrónica se envió a:

|  | JVELEZ@VELEZLAWGROUP.COM |
| _____JOSÉ CARLOS VÉLEZ COLÓN_____ | _____ |
| Nombre | Correo Electrónico |

Esta notificación ha sido enviada automáticamente desde el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Favor de no responder a este mensaje.*

OAT 1720 NOTIFICACIÓN ELECTRÓNICA - Notificación entre Partes (SUMAC)
(Noviembre 2013)
www.poderjudicial.pr

BY2021CV03808 30/09/2021 04:47:13 pm Entrada Núm. 7 Página 1 de 2

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

| | |
|---|---|
| **FAUSTINO XAVIER BETANCOURT COLÓN**<br>**Parte Peticionaria**<br><br>v.<br><br>**BPP RETAIL PROPERTIES LLC.,**<br>**ENCANTO RESTAURANTS, INC.,**<br>**FULANOS DE TAL 1-100**<br>**Parte Peticionada** | **CIVIL NÚM: BY2021CV03808**<br><br><br><br><br>**SOBRE: DAÑOS**<br>**PETICIÓN DE ORDEN** |

**EMPLAZAMIENTO**

ESTADOS UNIDOS DE AMERICA, SS
EL PRESIDENTE DE LOS ESTADOS UNIDOS
EL ESTADO LIBRE ASOCIADO DE PUERTO RICO

**A:**

# BPP RETAIL PROPERTIES LLC

**DIRECCION:** C/o Expert Corporate Solutions, LLC 988 Luis Muñoz Rivera Ave. Suite 5
SAN JUAN, PR 00927
Coordenadas: 18.40322195974617, -66.05661206633629
**DIRECCION POSTAL:** PO Box 30642 SAN JUAN, PR 00929

POR LA PRESENTE se le emplaza para que presente al tribunal su alegación responsiva dentro de los **30** días de haber sido diligenciado este emplazamiento, excluyéndose el día del diligenciamiento. Usted deberá presentar su alegación responsiva a través del Sistema Unificado de Manejo y Administración de Casos (SUMAC), al cual puede acceder utilizando la siguiente dirección electrónica: https://unired.ramajudicial.pr, salvo que se represente por derecho propio, en cuyo caso deberá presentar su alegación responsiva en la secretaria del tribunal. Si usted deja de presentar su alegación responsiva dentro del referido término, el tribunal podrá dictar sentencia en rebeldía en su contra y conceder el remedio solicitado en la demanda, o cualquier otro, si el tribunal, en el ejercicio de su sana discreción, lo entiende procedente.

Nombre del Abogado:  JOSÉ CARLOS VÉLEZ COLÓN (RUA: 18913)
Dirección:  421 AVE MUNOZ RIVERA, APT #1009, SAN JUAN,
  PUERTO RICO, 00918-4015
  Tel: 7875999003
Correo Electrónico:  JVELEZ@VELEZLAWGROUP.COM

Expedido bajo mi firma y sello del Tribunal, el ___1___ de _Octubre_ de _2021_.

LCDA. LAURA I. SANTA SÁNCHEZ
Secretaria Regional
Nombre del (de la)
Secretario(a) Regional

Por: _____
Mayra I. Marcel
Secretaria Servicios a Sala
Nombre y Firma del (de la)
Secretario(a) Auxiliar del Tribunal

D0094

### PRUEBA DEL DILIGENCIAMIENTO

**NUM.: DE CASO:   BY2021CV03808**
Faustino Xavier Betancourt Colón V.  BPP RETAIL PROPERTIES LLC


Yo, _____ declaro tener capacidad legal conforme a la Regla 4.3 de las Reglas de Procedimiento Civil de Puerto Rico, y certifico bajo mi firma y juramento que el diligenciamiento del **EMPLAZAMIENTO** y **PETICION** (en adelante, **"DEMANDA"**) en el caso de referencia fue realizado por mí persona de la manera en que se indica más abajo:

1. **FECHA** y hora del diligenciamiento: _____.

2. **LUGAR o DIRECCIÓN** de la entrega del Emplazamiento y copia de la Demanda de manera conjunta:



3. **MODO O FORMA DE ENTREGA** Entregué copia del Emplazamiento y copia de la Demanda de manera conjunta y personalmente a la persona indicada abajo, quien aseguró estar autorizado a recibir emplazamientos a nombre de la persona que consta al dorso conforme a la Regla 4.4 de las Reglas de Procedimiento Civil de Puerto Rico.

4. **EL NOMBRE DE LA PERSONA AUTORIZADA QUE RECIBIÓ EL EMPLAZAMIENTO Y DEMANDA ES:**


5. **FIRMA DEL DILIGENCIANTE:** _____

**************************************************************************
### DECLARACION DEL DILIGENCIANTE
### (ANTE LA SECRETARIA DEL TRIBUNAL)

Declaro bajo pena de perjurio, conforme a las leyes del Estado Libre Asociado de Puerto Rico, que la información arriba provista en el diligenciamiento del emplazamiento es verdadera y correcta.

**Y PARA QUE ASÍ CONSTE**, suscribo la presente en _____, Puerto Rico,

hoy día _____ de_____ del año **2021**.


_____
**FIRMA DEL EMPLAZADOR**

Jurado y suscrito ante mí por _____ de las circunstancias personales arriba mencionadas, a quien por no conocer personalmente, doy fe de haber identificado mediante la siguiente identificación personal:

_____

En _____, Puerto Rico hoy _____ de _____ de 2021.


_____
**FUNCIONARIO AUTORIZADO**

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**SALA SUPERIOR DE BAYAMÓN**

**NOTIFICACIÓN ELECTRÓNICA**

La siguiente transacción se registró y archivó en autos el 01 DE OCTUBRE DE 2021

Nombre de las partes:                                    Número del caso:      BY2021CV03808

FAUSTINO XAVIER  BETANCOURT
COLÒN
V.
BPP RETAIL PROPERTIES LLC  Y
OTROS

Presentante        ELIBETH M TORRES ALICEA

Número de entrada en el expediente electrónico: 9

Presione aquí para acceder al documento electrónico objeto de esta notificación.


EMPLZ EXPEDIDO A: BPP RETAIL PROPERTIES LLC registrado por ELIBETH M TORRES ALICEA.

Esta notificación electrónica se envió a:

|  | JVELEZ@VELEZLAWGROU |
| JOSÉ CARLOS VÉLEZ COLÓN | P.COM |
| Nombre | Correo Electrónico |

Esta notificación ha sido enviada automáticamente desde el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Favor de no responder a este mensaje.*

OAT 1720 NOTIFICACIÓN ELECTRÓNICA - Notificación entre Partes (SUMAC)
(Noviembre 2013)
www.poderjudicial.pr

**ESTADO LIBRE ASOCIADO DE PUERTO RICO**
**TRIBUNAL GENERAL DE JUSTICIA**
**TRIBUNAL DE PRIMERA INSTANCIA**
**CENTRO JUDICIAL DE  Bayamón**
SALA SUPERIOR DE  Bayamón

| | | |
|---|---|---|
| FAUSTINO XAVIER  BETANCOURT  COLÒN | CASO NÚM. | BY2021CV03808 (SALÓN 402 SUPERIOR CIVIL) |
| VS | | |
| BPP RETAIL PROPERTIES LLC  Y OTROS | SOBRE: | DAÑOS Y OTROS |


# NOTIFICACIÓN

A:   JOSÉ CARLOS VÉLEZ COLÓN
     JVELEZ@VELEZLAWGROUP.COM


El (La) Secretario(a) que suscribe certifica y notifica a usted que con relación al (a la) MOCIÓN DE  EXPEDICIÓN DE EMPLAZAMIENTOS  [7] este Tribunal emitió una ORDEN el 01 de octubre de 2021.


Se transcribe la determinación a continuación:
EXPÍDASE EMPLAZAMIENTO SOLICITADO.  [10]


                                        f/VANESSA J PINTADO RODRIGUEZ


SE LE ADVIERTE que al ser una parte o su representante legal en el caso sujeto a esta ORDEN, usted puede presentar un recurso de apelación, revisión o certiorari de conformidad con el procedimiento y en el término establecido por ley, regla o reglamento.

CERTIFICO que la determinación emitida por el Tribunal fue debidamente registrada y archivada hoy 01 de octubre de 2021, y que se envió copia de esta notificación a las personas antes indicadas, a sus direcciones registradas en el caso conforme a la normativa aplicable. En esta misma fecha fue archivada en autos copia de esta notificación.


En  Bayamón, Puerto Rico, a 01 de octubre de 2021.


| | |
|---|---|
| LAURA I. SANTA SANCHEZ | Por:   f/ELIBETH M. TORRES ALICEA |
| Nombre del (de la) Secretario(a) Regional | Nombre y Firma del (de la) Secretario(a) Auxiliar del Tribunal |